JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

Keith E. Terry
State Bar No. 031667
Asst. Federal Public Defender
Attorney for Defendant
Keith_terry@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Yousif Muthana Al Saqat,<br><br>                    Defendant. | No. CR-24-00693-PHX-KML (ESW)<br><br>**SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE** |

Defendant Yousif Al Saqat, by and through undersigned counsel, hereby submits this Sentencing Memorandum for the Court's consideration. Mr. Al Saqat pleaded guilty on May 13, 2025, to the offense of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. Sentencing is set before this Court on September 29, 2025.

Mr. Al Saqat respectfully requests that the Court impose a custodial sentence of no more than twelve months and one day.

1

In determining an appropriate sentence, the Court must (1) determine the guideline range, (2) consider applicable departures, and (3) consider 18 U.S.C. § 3553(a) factors as a whole. *Gall v. U.S.*, 552 U.S. 38, 49-50. The Court need not presume that the guideline range is reasonable "but must make an individual assessment based on the facts presented, *id.* at 39, ensuring that the sentence meet the purposes of the sentencing statute; namely, retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). The Court may deviate from the sentencing guidelines if the § 3553(a) factors support it. The punishment should "fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) *citing Williams v. New York*, 337 U.S. 241, 247 (1949). A downward variance to a sentence of no more than twelve months and one day in custody will best satisfy the § 3553(a) purposes of sentencing for several reasons.

I.    **A custodial sentence of nor more than twelve months and one day is appropriate based on applicable §3553(a) factors and other grounds for granting a variance.**

   *a.  Mr. Al Saqat's Background and Characteristics*

Mr. Al Saqat was born in Mosul, Iraq in 1999 and is now twenty-five years old. Mr. Al Saqat's father is a butcher at Baiz Market, and his mother is a homemaker. He has five siblings, a wife, and a two-year-old son.

When Mr. Al Saqat was only eight years old, his family was forced to flee Iraq after receiving repeated threats from a terrorist organization that demanded money because of their Christian faith. The group threatened to kidnap or kill the children if his

father did not pay. In June 2008, the family escaped to Syria, where they lived as refugees for several years. During this time, Mr. Al Saqat was unable to attend school. When terrorist groups later spread into Syria, the family once again had to flee for their safety. With the assistance of the United Nations, they resettled in the United States in 2011.

After arriving in the United States, the family lived in San Diego until 2017 before moving to Phoenix, where they have since built their lives. In 2021, Mr. Al Saqat met Joselyn Lopez, and they married the following year. Joselyn suffers from profound hearing loss and relies on hearing aids in both ears. Because of these limitations, she is unable to work outside the home and cares for their young son full-time. As a result, Mr. Al Saqat is the sole financial provider for his wife and child. He also supports his parents and three siblings.

Despite the extraordinary challenges of displacement and disrupted education, Mr. Al Saqat has demonstrated determination and resilience. He started working in the towing industry, learning how to operate trucks, manage dispatch systems, and navigate the financial side of the business. Through persistence and hard work, he eventually established his own company, Y&J Towing. Today, the business not only sustains his household but also supports his extended family and provides employment for two of his siblings. Mr. Al Saqat routinely works seven days a week to ensure the stability of those who depend on him.

In December of 2024, anticipating the financial strain his family would face during his incarceration, Mr. Al Saqat opened *Salwan's Bakery and Restaurant* for his father to manage and operate. Although the business is not yet profitable, it has received great reviews from customers and represents another example of Mr. Al Saqat's dedication to providing for his family.

### b. Mr. Al Saqat's Age

A downward variance is warranted in Mr. Al Saqat's case based on applicable §3553(a) factors and the policy statements in USSG §§ 5H1.1 and 5H1.3. Under §5H1.1, age may justify a departure. Research consistently shows that individuals in their early 20s are more impulsive, risk-seeking, and vulnerable to external pressures, yet at the same time are uniquely capable of rehabilitation due to ongoing brain development into the mid-20s. Criminal conduct in this age group is statistically more likely to decline with maturity, as judgement and self-control strengthen with age.

Mr. Al Saqat was only twenty-three years old at the time of the offense. A stage of life marked by immaturity but also by the capacity for growth and change. His youth must be understood in the broader context of his life story. As a child, he fled political violence and war at the age of eight, spending formative years in instability and survival rather than education and safety. The lost years undeniably shaped his development, leaving him without the steady foundation most children are afforded. Despite these extraordinary hardships, Mr. Al Saqat persevered.

4

Mr. Al Saqat has shown genuine remorse and growth, recognizing the pain his actions have caused his loved ones. His youth, his demonstrated capacity for resilience, and his remorse all point in the same direction: that a lengthy custodial sentence is not necessary to achieve the goals of sentencing. A significant downward variance will account for the seriousness of the offense and recognize Mr. Al Saqat's demonstrated ability to contribute positively to his family and community.

### c.  Collateral consequences and uncertain future

Mr. Al Saqat is a legal permanent resident, as are two of his siblings. His parents and three youngest siblings have become United States citizens. Unlike his family, Mr. Al Saqat faces the very real prospect of removal proceedings upon his release from custody. Losing his lawful residency would not only strip him of the stability he has built in this country but would also separate him from the very family that has been his foundation and support.

This consequence is not speculative; it is an inevitable risk of his conviction. For Mr. Al Saqat, the prospect of deportation is a punishment far more severe than any term of imprisonment. It threatens to undo years of hard work, resilience, and perseverance in the face of extraordinary obstacles. It will also impose profound collateral consequences on his family, who rely on him for love and support.

While his family holds out hope that he may remain with them, the Court should recognize that the looming threat of permanent separation is itself a powerful deterrent

and an additional, life-altering penalty. This reality underscores why a downward variance is appropriate and necessary to ensure that the overall punishment is not greater than necessary.

## II.    Request for Voluntary Surrender

Mr. Al Saqat respectfully requests he be allowed to self-surrender. As reflected in the PSR, Mr. Al Saqat is an appropriate candidate for self-surrender. He has appeared at every court proceeding and has been in compliance with pretrial release. His entire family lives in the Phoenix area and he is not a flight risk or a danger to the community. Mr. Al Saqat would like additional time to get his affairs in order and say goodbye to his family. He requests he be permitted to self-surrender.

## III.    Conclusion

For the foregoing reasons, Mr. Al Saqat respectfully requests that the Court impose a custodial sentence of no more than twelve months and one day.

Respectfully submitted:    September 18, 2025.

JON M. SANDS
Federal Public Defender

_s/Keith Terry_____
KEITH TERRY