TIMOTHY COURCHAINE
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: ben.goldberg@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Yousif Muthana Al Saqat,<br><br>                    Defendant. | No. CR-24-00693-KML<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States respectfully requests that this Court sentence defendant Yousif Muthana Al Saqat to no more than 18 months' imprisonment.  Such a sentence considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to afford a just punishment.

**I.    Factual Background**

On July 2, 2023, rangers with the Bureau of Land Management ("BLM") heard gunshots near the Table Mesa Recreation Area in Maricopa.  (PSR ¶ 6.)  That area, commonly used for target shooting, was closed for shooting due to fire restrictions.  (PSR ¶ 6.)

After responding to the area, the BLM rangers found Al Saqat and two others with firearms.  (PSR ¶ 6.)  Al Saqat claimed ownership of two firearms in the trunk of a vehicle

at the scene, which rangers noticed included a handgun and a rifle with a buttstock attached. (PSR ¶ 6.)   He also admitted that he had prior criminal history, was not able to purchase firearms, and that his wife purchased the firearms for him.  (PSR ¶ 6.)  He further said that he knew he was not permitted to attach a buttstock to the rifle.  (PSR ¶ 6.)

On July 17, 2023, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") examined the seized firearms.  (PSR ¶ 7.)  The agent determined that the rifle was a short-barreled rifle as enumerated in 26 U.S.C. § 5845(a) and illegal for Al Saqat to possess.  (PSR ¶ 7.)

On July 20, 2023, Al Saqat voluntarily met with BLM rangers for a follow-up interview regarding his firearms.  (PSR ¶ 8.)  During the interview, Al Saqat admitted that he was a convicted felon and had not had his firearm rights restored.  (PSR ¶ 8.)  A later record check confirmed a prior robbery conviction from 2018 in California.  (PSR ¶ 8.)  Al Saqat again confirmed that the two firearms previously seized were his and that his wife purchased them after he was denied while attempting to purchase them.  (PSR ¶ 8.)  Al Saqat admitted that when he tried to purchase the firearms, he falsely indicated he had no prior felony convictions when filling out the required ATF Form 4473.  (PSR ¶ 8.)  Al Saqat also said he knew it was illegal to own a short-barrel rifle and that he had ammunition at his home.  (PSR ¶ 8.)

That same day, agents performed a consensual search of Al Saqat's home. (PSR ¶ 9.)  In Al Saqat's bedroom, agents found approximately 394 live rounds of assorted ammunition, a gun box and rifle case, and five loaded magazines.  (PSR ¶ 9.)

On April 23, 2024, a four-count indictment was filed charging Al Saqat with Felon-in-Possession of a Firearm, Possession of an Unregistered Firearm, Felon-in-Possession of Ammunition, and Material False Statement During the Purchase of a Firearm.  (PSR ¶ 1.) On May 13, 2025, Al Saqat pled guilty to Count 2 of the indictment, Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. (PSR ¶¶ 1-2.)

//

## II.    The Applicable Guidelines Range

The United States has reviewed the PSR and has no objections, additions, or corrections.  The PSR calculates a total offense level of 19 and a criminal history category of II, resulting in a Guidelines range of 33-41 months' imprisonment.  (PSR at 16.)

The plea agreement in this case contains a stipulation that Al Saqat's sentence will not exceed the midpoint of the Guidelines range.  (PSR ¶ 67.)    The PSR ultimately recommends a sentence of 18 months' imprisonment after accounting for a three-level downward departure pursuant to USSG § 5H1.1 and an additional variance pursuant to 18 U.S.C. § 3553(a).

## III.    Argument

The government agrees that a departure and variance is appropriate here and respectfully requests this Court sentence Al Saqat to no more than 18 months' imprisonment, to be followed by a three-year term of supervised release.  Such a sentence is appropriate in light of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford a just punishment. *See* 18 U.S.C. § 3553(a).

While Al Saqat appears to have only been using his firearms for recreational purposes, his offense is still a serious one. He admitted that he knew he could not legally possess firearms and yet still chose to own two guns and almost 400 rounds of ammunition. He also admitted that one of the firearms was *per se* illegal to own and that he lied on an ATF 4473 form when previously attempting to purchase a firearm. Al Saqat has clearly demonstrated a complete disregard of federal firearms laws.  This behavior is especially concerning given his prior criminal history, which involved the use of a replica firearm to rob a market.

Given all of that, the government considered requesting a longer custodial sentence. However, a number of factors support the PSR's recommended departure and variance.  To start, Al Saqat was only 23 at the time of the offense and it does appear that he understands the gravity of his offense and the need to mature.  Furthermore, he has consistently accepted

responsibility for his actions and has been cooperative with law enforcement throughout, including allowing the consensual search of his home and voluntarily forfeiting all of his firearms, ammunition, and firearm accessories.  An 18-month sentence is progressively higher than the prior six months he served for his robbery and Al Saqat potentially faces immigration consequences as the result of his actions.

Therefore, in consideration of the totality of the circumstances, the government requests this Court vary and depart downward and sentence Al Saqat to no more than 18 months' imprisonment, followed by a three-year term of supervised release.

**IV.   Conclusion**

For the foregoing reasons, the United States respectfully requests the Court impose a sentence of no more than 18 months' imprisonment.  Such a sentence is sufficient, but not greater than necessary, to afford a just punishment and adequate deterrence and is warranted in light of the history and characteristics of the defendant.

Respectfully submitted this 19th day of September, 2025.


TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Benjamin Goldberg*
BENJAMIN GOLDBERG
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Keith Terry
*Attorney for defendant*

*s/C. Covington*
U.S. Attorney's Office